Justice Kennedy,
with whom
Justice Stevens, Justice Souter, and Justice Breyer join, concurring.
The Court is correct, in my view, to hold that courts should apply the well-established, four-factor test — without resort to categorical rules — in deciding whether to grant injunctive relief in patent cases. The Chief Justice is also correct *396 that history may be instructive in applying this test. Ante, at 395 (concurring opinion). The traditional practice of issuing injunctions against patent infringers, however, does not seem to rest on “the difficulty of protecting a right to exclude through monetary remedies that allow an infringer to use an invention against the patentee’s wishes.” Ibid. (Roberts, C. J., concurring). Both the terms of the Patent Act and the traditional view of injunctive relief accept that the existence of a right to exclude does not dictate the remedy for a violation of that right. Ante, at 391-392 (opinion of the Court). To the extent earlier cases establish a pattern of granting an injunction against patent infringers almost as a matter of course, this pattern simply illustrates the result of the four-factor test in the contexts then prevalent. The lesson of the historical practice, therefore, is most helpful and instructive when the circumstances of a case bear substantial parallels to litigation the courts have confronted before.
In cases now arising trial courts should bear in mind that in many instances the nature of the patent being enforced and the economic function of the patent holder present considerations quite unlike earlier cases. An industry has developed in which firms use patents not as a basis for producing and selling goods but, instead, primarily for obtaining licensing fees. See FTC, To Promote Innovation: The Proper Balance of Competition and Patent Law and Policy, ch. 3, pp. 38-39 (Oct. 2003), available at http://www.ftc.gov/ os/2003/10/innovationrpt.pdf (as visited May 11, 2006, and available in Clerk of Court’s case file). For these firms, an injunction, and the potentially serious sanctions arising from its violation, can be employed as a bargaining tool to charge exorbitant fees to companies that seek to buy licenses to practice the patent. See ibid. When the patented invention is but a small component of the product the companies seek to produce and the threat of an injunction is employed simply for undue leverage in negotiations, legal damages may well be sufficient to compensate for the infringement *397 and an injunction may not serve the public interest. In addition injunctive relief may have different consequences for the burgeoning number of patents over business methods, which were not of much economic and legal significance in earlier times. The potential vagueness and suspect validity of some of these patents may affect the calculus under the four-factor test.
The equitable discretion over injunctions, granted by the Patent Act, is well suited to allow courts to adapt to the rapid technological and legal developments in the patent system. For these reasons it should be recognized that district courts must determine whether past practice fits the circumstances of the cases before them. With these observations, I join the opinion of the Court.